**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marian B. Farris, <br><br> Plaintiff, <br><br> v. <br><br> Advantage Capital Corporation, <br><br> Defendant. | No. CV 06-1238-PHX-PGR <br><br> <u>ORDER</u> |

Pending before the Court is the Plaintiff's Motion to Remand (Doc. 7). The Court held oral argument on the motion on August 8, 2006, and now issues its ruling.

**I.    INTRODUCTION**

On April 20, 2006, the Plaintiff, Marian B. Farris, filed a Petition for Special Action in the Superior Court of the State of Arizona, County of Maricopa, captioned <u>Marian B. Farris, an unmarried woman v. Advantage Capital Corporation, a New York corporation</u>, Case No. LC2006-000271.  On April 28, 2006, the Defendant Advantage Capital Corporation ("Advantage") was served a copy of the Summons, the Petition for Special Action, and the Arizona Superior Court Civil Cover Sheet.  On May 3, 2006, Defendant Advantage filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a) and Rule 3.7, Rules of Practice of the United States District Court for the District of Arizona.  The Defendant maintains that removal is proper under 28 U.S.C. § 1441, which authorizes removal of any action over which the federal courts have original jurisdiction, provided that, in cases where

1 original jurisdiction is predicated on diversity, no defendant is a citizen of the state in which
2 the action was commenced.  Original jurisdiction exists here under 28 U.S.C. 1332(a)(1),
3 which confers original diversity jurisdiction over claims in excess of $75,000 between
4 citizens of different states.  The Petition for Special Action names Marian B. Farris as the
5 sole Plaintiff and alleges that she is a resident of Maricopa County, Arizona.  Advantage is
6 the sole Defendant and was at the time of filing, and still is, a corporation incorporated under
7 the laws of the State of New York, with its principal place of business in the State of
8 Georgia.  As such, complete diversity of citizenship exists between the Plaintiff and the
9 Defendant in this action.  Furthermore, the amount of controversy exceeds $75,000 as the
10 Plaintiff alleges in her Petition for Special Action that her damages "are no less than
11 $1,150,000."

12 **II.    FACTUAL BACKGROUND**

13 On March 31, 2006, Advantage filed a Verified Complaint in the Maricopa County
14 Superior Court alleging seven claims for relief, including a claim for fraudulent conveyance
15 against the Plaintiff in the present action, Marian B. Farris, and two other Defendants,
16 Charles L. Bolton, III and Brenda L. Bolton, who are Ms. Farris' son and former daughter-in-
17 law respectively.  Mr. Bolton is a former registered representative of Advantage, and two of
18 Advantage's customers whose investment accounts Mr. Bolton serviced complained that
19 $649,000 was missing from their accounts.

20 With respect to Ms. Farris, the Verified Complaint seeks a judgment voiding Mr. and
21 Mrs. Bolton's allegedly fraudulent transfer to her of their multi-million dollar home in
22 Scottsdale, Arizona ("the Windrose Drive Property").  Also, on March 31, 2006, pursuant to
23 A.R.S. § 12-1191, Advantage recorded a Notice of Lis Pendens concerning the purported
24 transfer of the Windrose Drive Property.

25 In response, on April 20, 2006, pursuant to A.R.S. § 33-420, the Plaintiff, Marian B.
26 Farris, filed a Petition for Special Action in the Maricopa Superior Court seeking to quash
27 Advantage's Notice of Lis Pendens against the Windrose Drive Property and to recover

28

- 2 -

alleged damages $1,150,000, which she seeks to have trebled. On May 3, 2006, Advantage filed a timely notice of removal based on diversity jurisdiction, and the Plaintiff concedes that the parties are properly in this Court. However, on May 26, 2006, the Plaintiff filed a Motion to Remand to state court which she argues is proper due to the Burford abstention doctrine. The Defendant disagrees.

**III.     DISCUSSION**

The Plaintiff maintains that, despite the presence of diversity jurisdiction, this Court should abstain from hearing this case and remand it to the Maricopa County Superior Court under the Burford abstention doctrine. However, the Defendant opposes the remand arguing that the Plaintiff's action to quash a lis pendens does not meet any of the requirements to invoke Burford abstention.

In Burford v. Sun Oil Company, et al., the United States Supreme Court determined that a federal court could decline to exercise its jurisdiction to hear a case that involved essentially a local issue arising out of a complicated regulatory scheme. 319 U.S. 315, 317-18 (1943). Specifically, the Court held that it was proper for a federal court to abstain from deciding a challenge to the validity of an order of the Texas Railroad Commission granting the petitioner Burford a permit to drill oil wells in the East Texas oil field. Id. Federal jurisdiction was present on the basis of both diversity of citizenship and federal question – a contention by the oil companies that the order denied them due process of law. Id.

Under Burford, abstention may be appropriate to avoid federal intrusion into matters which are largely of local concern and which are within the special competence of local courts. The United States Supreme Court has stated that the Burford abstention doctrine "is concerned with protecting complex state administrative processes from undue federal interference;" however, "it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." New Orleans Public Service, Inc. v. Council of the City of New Orleans, et al., 491 U.S. 350, 361(1989).

In an effort to limit the application of abstention under the Burford principles, the Ninth Circuit Court of Appeals generally requires certain factors to be present for abstention to apply: (1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state court efforts to establish a coherent policy. Tucker v. First Maryland Savings & Loan, Inc., 942 F.2d 1401, 1405 (9th Cir. 1991).

The Plaintiff maintains that the factors requiring abstention under Burford are clearly present in this case. The Plaintiff brought her claim under A.R.S. § 33-420, a specific statutory scheme created by the Arizona legislature for the benefit of owners of real property located within the state of Arizona. The statute at issue provides as follows:

> . . .The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions.

A.R.S. § 33-420(B). According to the Plaintiff, this statute reflects an obvious effort by the Arizona legislature to establish a coherent policy on the subject of clearing title to real property and protecting that real property from unlawful liens. Furthermore, the Plaintiff points out that the Arizona legislature dictated the process by which real property owners can obtain relief, requiring use of the unique Arizona procedure known as a special action. In addition, the Plaintiff states that the statute actually provides the specific court where the remedy can be pursued – the superior court of Arizona.

The Defendant responds that the special action process enacted by the Arizona legislature is one filed in the general state court system and not one earmarked for a specific court with specialized jurisdiction, i.e. the Superior Court of a particular county. In addition, the Defendant contends that merely because there are state statutes in existence that provide for notices of lis pendens and the procedure for quashing them, that does not mean that this

Court's construction of those statutes would "disrupt state efforts to establish a coherent policy." Tucker, 942 F.2d at 1405.

The Court agrees with the Defendant. This Court, sitting in diversity, would sit in the same posture as the Arizona state court and there would be no different result in the federal proceedings than would be achieved in the state court proceeding. Id. at 1406. Furthermore, Arizona does not require that suits brought to quash notices of lis pendens be filed in a specific court. The statute merely names the superior court, i.e. the general Arizona state court system. Hence, the first factor generally required by the Ninth Circuit for Burford abstention is absent.

The second factor, that federal issues are not easily separable from complicated state law issues with which the state courts may have special competence, is clearly not applicable here. There are no federal implications to the claims or the process by which the Plaintiff seeks to clear title to her Arizona real estate; therefore, this is a fact that will not weigh in favor of abstention. Id. The state law issues in this case are two fold: (1) whether the Defendant's fraudulent conveyance action in the Maricopa County Superior Court, which seeks avoidance of transfers of the Windrose Drive Property, is one affecting title to real property within the meaning of A.R.S. §12-1191; and (2) if not, whether Defendant's Notice of Lis Pendens renders it liable to Plaintiff under A.R.S. § 33-420. These issues involve two well established Arizona statutes. The claims to be resolved are not complicated nor do they involve a complex web of administration.

Finally, the third consideration for Burford abstention is also absent in this case as federal adjudication of this matter will not disrupt the state of Arizona's efforts to establish a coherent policy. Burford abstention is designed to limit federal interference with the development of state policy, and it is justified where the issues sought to be adjudicated in federal court are primarily questions regarding the interpretation of state laws. Tucker, 942 F.2d at 1407. Essentially, Burford allows federal "courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." U.S. v. Morros, 268 F.3d

- 5 -

695, 705 (9th Cir. 2001). This is clearly not the situation before the Court. As such, the Court concludes that abstention under the principles set forth in <u>Burford</u> is not appropriate, and the motion is denied. Therefore,

IT IS ORDERED that the Plaintiff's Motion to Remand (Doc. 7) is DENIED.

DATED this 6th day of November, 2006.

Paul G. Rosenblatt
United States District Judge