**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marian B. Farris, an unmarried woman,<br><br>    Plaintiff,<br><br>v.<br><br>Advantage Capital Corporation, a New York corporation,<br><br>    Defendant. | No. CV 06-01238-PHX-PGR<br><br>**AMENDED ORDER CERTIFYING QUESTION TO THE ARIZONA SUPREME COURT** |

Pursuant to A.R.S. §§ 12-1861 to -1867 and Rule 27, Rules of the Arizona Supreme Court, the United States District Court for the District of Arizona hereby certifies the following question of state law to the Arizona Supreme Court. The resolution of this question will be determinative of a substantive question of law in the above captioned action and may be determinative of the case. No controlling precedent exists in the decisions of the Arizona Supreme Court and the intermediate appellate courts of Arizona.

**I.     THE QUESTION OF LAW TO BE ANSWERED**

Whether a fraudulent transfer action under A.R.S. § 44-1001 *et seq.*, which seeks to void the transfer of real property, is an action "affecting title to real property" within the meaning of the *lis pendens* statute, A.R.S. § 12-1191, where the action is brought by a creditor of the transferor to make the real property available for the collection of a debt or judgment.

**II.    FACTS RELEVANT TO THE QUESTION TO BE CERTIFIED**

In this action, Plaintiff Marian B. Farris ("Farris") alleges that Defendant Advantage Capital Corporation ("Advantage Capital") wrongfully recorded a Notice of Lis Pendens in violation of A.R.S. § 33-420 in connection with its separate fraudulent transfer action against Farris, her son, and her ex-daughter-in-law. Advantage Capital alleges that its fraudulent transfer action is one "affecting title to real property" within the meaning of A.R.S. § 12-1191, and that, pursuant to such statute, Advantage Capital was authorized to record the Notice of Lis Pendens.

The Court has made no factual findings in this case. The Court is not now making factual findings. However, for the purposes of the present certification issue, the Court acknowledges the following relevant allegations, taken from the Complaint of Advantage Capital in the separate fraudulent transfer litigation now pending in Bankruptcy Court:

Charles L. Bolton, III is Farris' son. Mr. Bolton is a former registered representative of Advantage Capital, a licensed securities brokerage firm. On December 19, 2005, Advantage Capital terminated Mr. Bolton. In or about January 2006, two of Advantage Capital's customers complained that $649,000 was missing from their accounts that Mr. Bolton serviced. Based upon this alleged misconduct and upon Mr. Bolton's alleged violation of contractual and other duties to Advantage Capital, Advantage Capital filed a Verified Complaint on March 31, 2006, in the Arizona Superior Court.

In 2002, the Boltons bought a residence in Scottsdale, Arizona ("Windrose Drive Property") and held it as community property. In transactions dated January 22, 2003, March

1 23, 2004, and April 21, 2004, Mr. and Mrs. Bolton transferred the Windrose Drive Property
2 between themselves, resulting in Mrs. Bolton purporting to hold the Windrose Drive Property
3 as her sole and separate property. On September 23, 2005, the Boltons sold their Windrose
4 Drive home to Mr. Bolton's mother, Farris, for $1,050,000. Advantage Capital makes no
5 claim that it is entitled to claim title to the Windrose Drive Property.

### A. **Advantage Capital's Complaint**

On March 31, 2006, Advantage Capital filed a Verified Complaint in the Arizona Superior Court alleging seven claims for relief against Mr. Bolton, his then-wife, Brenda L. Bolton, and Farris. Advantage Capital's Verified Complaint against Farris alleges a claim for fraudulent transfer under A.R.S. §§ 44-1001 to -1010. Advantage Capital seeks damages and a judgment voiding Mr. and Mrs. Bolton's allegedly fraudulent transfer to Farris of the Windrose Drive Property. Also on March 31, 2006, Advantage Capital filed a Statement of Claim against Mr. and Mrs. Bolton to initiate an arbitration before the National Association of Securities Dealers Regulation, Inc. ("NASD") because some of Advantage Capital's claims against them were subject to NASD arbitration.

### B. **The *Lis Pendens***

On March 31, 2006, Advantage Capital recorded a Notice of Lis Pendens on the Windrose Drive Property. A.R.S. § 12-1191 authorizes the filing of a lis pendens notice "[i]n an action affecting title to real property."[1] Advantage Capital has never had title to the property is not seeking title to the Windrose Drive Property, but only seeks to void the transfer to Farris and collect damages from her.

Because Advantage Capital filed the Notice of Lis Pendens, Farris lost a sale on the Windrose Drive Property on April 3, 2006 for $1,150,000. Farris subsequently filed the

---

[1] A.R.S. § 12-1191 provides in relevant part: "In an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter ... may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense...."

present lawsuit seeking removal of the lis pendens and damages under A.R.S. § 33-420.

**III.  CURRENT STATE OF ARIZONA LAW ON THE QUESTION TO BE ANSWERED**

There is no controlling Arizona precedent on the question to be answered, which involves two state statutes, A.R.S. § 12-1191 and A.R.S. § 33-420.  Accordingly, this case presents an important question of state law for which there is no controlling Arizona precedent.  This question should be certified to the Arizona Supreme Court.

**IV.  LIST OF THE COUNSEL APPEARING IN THIS MATTER**

Counsel for Plaintiff Marian B. Farris are Richard R. Thomas and Lori A. Curtis, Davis Miles, PLLC, P.O. Box 15070 Mesa, AZ 85211, (480) 344-4579.

Counsel for Defendant Advantage Capital Corporation are Janet Weinstein and James D. Burgess, Fennemore Craig, 3003 N. Central Ave., Suite 2600, Phoenix, AZ 85012, (602) 916-5000.

**V.  FILING FEES**

Pursuant to A.R.S. § 12-1865, Plaintiff Marian B. Farris and Defendant Advantage Capital Corporation shall share equally the required filing fees for this certification process. In accordance with Arizona Supreme Court Rule 27 (e), no party to this certification process shall apply for attorneys' fees or any other costs associated with this certification process.

THEREFORE, pursuant to A.R.S. § 12-1861 et seq. and Rule 27, Rules of the Arizona Supreme Court, the Court orders as follows:

1. The Court certifies that resolution by the Arizona Supreme Court of the question of law set forth in Section I supra will be determinative of a substantive question of law in the above captioned action and may be determinative of the action.

2. The Clerk of this Court shall file with the Arizona Supreme Court the original of this Order and six (6) certified copies.

3. The Clerk of this Court shall transmit to the Arizona Supreme Court the original

1 or copies of such other portions of the Court's record as the Arizona Supreme Court may
2 deem necessary to a determination of the certified question.
3       DATED this 30th day of March, 2007.

Paul G. Rosenblatt
United States District Judge