**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marian B. Farris,<br><br>　　　　Plaintiff,<br>　vs.<br>Advantage Capital Corporation,<br>　　　　Defendant. | No. CV-06-1238-PHX-PGR<br><br>ORDER |

Pending before the Court is defendant Advantage Capital Corporation's Motion for Summary Judgment (doc. #52).  Having considered the parties' memoranda in light of the admissible evidence of record, the Court finds that there are no genuine disputed issues of material fact and that the Advantage Capital is entitled to entry of judgment in its favor as a matter of law pursuant to Fed.R.Civ.P. 56.

Background

Advantage Capital, a securities brokerage firm, filed an action in the Maricopa County Superior Court on March 31, 2006 against Charles Bolton, his wife, Brenda Bolton, and his mother, Marian Farris; the action arose from the disappearance of some $649,000 from the accounts of some of Advantage Capital's customers which were serviced by Charles Bolton while he was one of

Advantage Capital's registered representatives. As one of its claims in its suit to recover the missing funds, Advantage Capital alleged that the sale of the Boltons' residence at 8350 East Windrose Drive in Scottsdale, Arizona to Farris in September 2005 was void as a fraudulent conveyance under A.R.S. § 44-1001 et seq. because it was made for the purpose of defrauding the Boltons' creditors. On the same date it filed its verified complaint, Advantage Capital filed a Notice of Lis Pendens against the East Windrose Drive property pursuant to A.R.S. § 12-1191.

In response, Farris filed a Petition for Special Action in the Maricopa County Superior Court on April 20, 2006, alleging that Advantage Capital's filing of the lis pendens violated A.R.S. § 33-420 because the notice was groundless and invalid in that Advantage Capital's claims in the fraudulent conveyance litigation did not affect or involve the legal title to the East Windrose Drive property. Advantage Capital subsequently removed the action to this Court on the basis of diversity jurisdiction.

At the request of the parties following their filing of cross-dispositive motions on the issue of whether Advantage Capital's fraudulent transfer claim did or did not affect title to the East Windrose Drive property, the Court certified the following question to the Arizona Supreme Court on March 30, 2007:

> Whether a fraudulent transfer action under A.R.S. § 44-1001 *et seq.*, which seeks to void the transfer of real property, is an action "affecting title to real property" within the meaning of the *lis pendens* statute, A.R.S. § 12-1191, where the action is brought by a creditor of the transferor to make the real property available for the collection of a debt or judgment.

The Arizona Supreme Court resolved the certified question in Advantage Capital's favor in Farris v. Advantage Capital Corporation, 170 P.3d 250, 253

(Ariz. 2007), wherein it stated in relevant part:

> [B]ecause an action under A.R.S. § 44-1007(A)(2) for avoidance plainly affects title to real property, our statutes authorize a creditor to file a *lis pendens* under the circumstances presented by this case. Therefore, in answer to the District Court's certified question, we hold that an action under Arizona's version of the [Uniform Fraudulent Transfer Act] seeking to void an allegedly fraudulent transfer of real property is one "affecting title to real property" under A.R.S. 12-1191(A), the *lis pendens* statute.

Discussion

In its summary judgment motion, Advantage Capital argues that Farris' wrongful lis pendens claim fails as a matter of law given the finding of the Arizona Supreme Court that the underlying fraudulent transfer claim was one affecting title to real property. Farris argues that summary judgment is not warranted notwithstanding the Arizona Supreme Court's decision because Advantage Capital's filing of the lis pendens was contrary to Arizona law in that Advantage Capital had no reasonable basis for filing it.

In order to prevail on its claim that the filing of the lis pendens was wrongful under A.R.S. § 33-420(A), Farris has the burden of establishing in part that Advantage Capital knowingly filed a lis pendens that was "forged, groundless, contains a material misstatement or false claim or is otherwise invalid." Evergreen West, Inc. v. Boyd, 810 P.2d 612, 617 (Ariz.App.1991). The Court concludes as a matter of law that Farris has not met her burden of proof.

The gist of Farris' argument is that the lis pendens was groundless because it cannot reasonably be disputed that no fraudulent transfer occurred since she was a bona fide, good faith purchaser of the East Windrose Drive property. The Court cannot agree. Under Arizona law, a lis pendens is groundless for purposes of § 33-420 only where "the claim that the underlying

action is one affecting title to real property has no arguable basis or is not supported by any credible evidence." *Id.* at 619.  In resolving this question, the Court "need only find 'some basis' for concluding that the action affects title to real property; it need not, and should not unless necessary to its decision, determine which party will prevail on the merits." *Id.* at 618; *accord*, Chevron U.S.A., Inc. v. Schirmer, 11 F.3d 1473, 1480 (9th Cir. 1993) ("If there is an arguable basis for asserting that the underlying action will affect title to the property at issue - even if a court might find that the action ultimately fails on the merits - the notice of lis pendens is not groundless [for purposes of A.R.S. § 33-420(A)].")

Notwithstanding Farris' contention that Advantage Capital's fraudulent transfer claim was based on "strained inferences and speculation," Farris has not provided any admissible significant probative evidence establishing that Advantage Capital had no minimal, arguable basis for claiming that the underlying action would affect the East Windrose Drive property.  The evidence of record related to the various "badges of fraud" known to Advantage Capital in March 2006, viewed in Farris' favor, clearly establishes that no factfinder could reasonably conclude that Advantage Capital did not have at least an arguable factual and legal basis for believing that the property transfer was fraudulent.  The filing of the lis pendens was therefore proper as a matter of law.[1]

---

[1] Farris also argues that the summary judgment motion must be denied because Advantage Capital currently has no action pending to support its lis pendens as its underlying action has been dismissed by the Bankruptcy Court. The Court notes that the dismissal was not based on the lack of any merit to Advantage Capital's fraudulent transfer claim, but solely on the fact that Farris, the removing party, failed to supply the state court record to the Bankruptcy Court as ordered.  The issue of whether the transfer of the East Windrose Drive

1  Therefore,

2      IT IS ORDERED that defendant Advantage Capital Corporation's Motion
3  for Summary Judgment (doc. #52) is granted and that this action is dismissed.
4  The Clerk of the Court shall enter judgment accordingly.

5      DATED this 2nd day of June, 2008.

```
                            _____
                            Paul G. Rosenblatt
                            United States District Judge
```

---

property to Farris was fraudulent is still being litigated in the Bankruptcy Court in other actions.

    The Court further notes that Advantage Capital formally released the lis pendens on December 11, 2007, two weeks after the Bankruptcy Court dismissed the underlying fraudulent transfer action.